IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KIMBERLY JEAN HART, )
)
       Plaintiff, )
)
v. )   Case No. CIV-11-050-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
       Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Kimberly Jean Hart (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 31, 1969 and was 40 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade and obtained her GED. Claimant has worked in the past as a tax preparer. Claimant alleges an inability to

work beginning May 19, 2006 due to limitations resulting from a lower back injury, left hand surgery, sleep apnea, anxiety, and headaches.

### Procedural History

On June 9, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted before ALJ John W. Belcher on December 16, 2009 in Tulsa, Oklahoma. On January 11, 2010, the ALJ issued an unfavorable decision on Claimant's applications. On December 21, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a tax preparer.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to make proper determinations at steps 4 and 5; (2) failing to properly evaluate the medical opinion evidence; and (3) failing to perform a proper credibility determination.

**Step 4 and 5 Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease in the cervical and lumbar spine, injury to the left hand/wrist, sleep apnea, anxiety, depression, and personality disorder. (Tr. 14). Based upon the medical evidence, the ALJ concluded Claimant retained the RFC to perform sedentary work, except she was limited to lifting/carrying 10 pounds, pushing and pulling consistent with the lifting/carrying limitations, stand/walk for two hours out of an eight hour workday, sit for six hours out of an eight hour workday, no climbing of ladders, ropes, or scaffolding, occasional climbing stairs, balancing, bending, stooping, crouching, kneeling, and crawling, frequent reaching above the head bilaterally, and avoiding unprotected heights. The ALJ also placed the limitation upon Claimant that she be able to engage in detailed work but should have limited travel to unfamiliar places and limited use of public transportation. (Tr. 19-20).

5

Claimant first contends the ALJ posed an improper and incomplete hypothetical question to the vocational expert. In his first hypothetical question, the ALJ included a limitation to standing or walking for six hours out of an eight hour workday and sitting for six hours out of an eight hour workday, among other limitations and criteria. (Tr. 36). The vocational expert stated the jobs of inventory specialist, garment sorter, tax preparer, and poultry processor were available under the limitations provided in the hypothetical question. (Tr. 37). The ALJ then altered certain limitations in the next hypothetical, including limiting standing or walking to four hours out of an eight hour workday. He made no modification to the criteria for sitting from the prior hypothetical. (Tr. 37-38). The vocational expert identified tax preparer as an available occupation. (Tr. 38).

Claimant draws a faulty conclusion in stating "[t]he ALJ found Claimant could stand and walk four hours daily, which would leave sitting at four hours a day." It is clear from the transcript that the ALJ was building his hypothetical questioning upon the prior question such that Claimant's conclusion is erroneous. The limitations for standing or walking and sitting do not cumulatively amount to eight hours; rather, the limitations are independent and cumulatively may total more than eight hours. No error is found

6

int his questioning.

Claimant next recognizes the ALJ's findings that she had mild restrictions in activities of daily living, mild to moderate difficulties in social functioning, and mild to moderate difficulties in concentration, persistence, or pace. (Tr. 18-19). Claimant appears to argue the ALJ failed to consider these limitations in his RFC assessment. The ALJ expressly included an evaluation of these limitation in reaching his RFC.

Claimant states that the ALJ failed to perform the necessary step four evaluation. In analyzing Claimant's ability to engage in his past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). Claimant concentrates upon the alleged failure to include mental limitations in the RFC.

On November 7, 2006, Claimant was evaluated by Dr. Linda Craig. Dr. Craig concluded Claimant suffered from Dysthymic Disorder, Anxiety Disorder, Personality Disorder NOS with dependent traits, sleep apnea and insomnia, chronic low back pain and general pain, and had a current GAF of 60. (Tr. 335). Dr. Craig stated Claimant appeared to function within the average range of intellectual abilities. She gave symptoms of chronic depression and anxiety and took medication which helped the conditions. Dr.

Craig stated Claimant appeared to be able to understand complex instructions, remember instructions, sustain concentration, follow rules of employment, and socially interact with coworkers. (Tr. 335).

On November 3, 2008, Claimant was evaluated by Dr. John Hickman. Claimant tested a verbal IQ of 102, general memory index of 95 and working memory index of 85. Claimant had no difficulty maintaining her concentration over a prolonged period of time. She functioned in the average range of mental ability. Dr. Hickman diagnosed Claimant with pain disorder associated with both psychological factors and a general medical condition, depressive disorder, anxiety disorder, sleep apnea, features of histrionic and dependent personality disorders. Her GAF was estimated at 58 with marked emotional difficulties. (Tr. 422-27).

Dr. Hickman also completed a Mental Medical Source Statement on Claimant dated November 17, 2008. He concluded Claimant had moderate limitations in the areas of the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances and the ability to travel in unfamiliar places or use public transportation. No other significant limitations were noted. (Tr. 430-32). Based upon the medical evidence presented, this Court finds the ALJ properly

assessed Claimant's RFC including the appropriate limitations on her mental abilities which affect her ability to work.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in this case inquired of the vocational expert as to the exertional level of Claimant's past relevant work. The vocational expert testified as to the specific vocational preparation ("SVP") of each job. The vocational expert testified the job of tax preparer had a SVP of 4 or semi-skilled work. (Tr. 35). The ALJ did not inquire as to the mental demands of the past work. As a result, the ALJ failed to adequately ascertain and consider the demands of Claimant's past relevant work at the second phase.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. Since the ALJ did not accurately ascertain or consider the demands of Claimant's past relevant work, he did not properly consider whether Claimant could meet those demands given his limitations. On remand, the ALJ shall reconsider and reevaluate his step four analysis.

## Evaluation of Medical Opinion Evidence

Claimant next contends the ALJ failed to explain the reasoning behind the weight provided to the medical source opinions. In particular, the ALJ found the opinion of Dr. Craig was entitled to "some weight" while the opinion of Dr. Hickman was entitled to "considerable weight." No explanation of the assessment of these opinions is provided other than stating that he relied upon Dr. Hickman's opinion "who believes if she were compliant with her doctors in regard to getting the sleep apnea under control, her condition would improve and he felt she would be a good candidate for vocational rehabilitation." This statement smacks of the improper adoption of an opinion simply because it supports a finding of non-disability. On remand, the ALJ shall re-evaluate the opinion evidence and provide a permissible basis for the weight provided to each.

## Credibility Determination

Claimant also contends the ALJ engaged in a faulty credibility analysis.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are

peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372

(10th Cir. 2000).

Claimant is particularly critical of the ALJ utilizing the boilerplate language that Claimant's

> medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 21).

Claimant does not give the ALJ sufficient credit for the other specific findings on Claimant's credibility. The ALJ made findings regarding activities of daily living based upon her testimony. (Tr. 18, 21). The ALJ does give short order to the findings regarding the credibility and veracity of Claimant's stated mental limitations. On remand, the ALJ shall re-evaluate his findings on credibility and a more detailed assessment.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service

of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of July, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE